## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Northern Division)

VALERIO LOPEZ                      *
c/o CASA of Maryland
734 University Boulevard East        *
Silver Spring, MD  20903
[Plaintiff resident in Baltimore City]     *

CARLOS A. GARCIA VALLE       *
c/o CASA of Maryland
734 University Boulevard East        *
Silver Spring, MD  20903
[Plaintiff resident in Montgomery County]  *

OSCAR PINEDA                    *
c/o CASA of Maryland
734 University Boulevard East        *
Silver Spring, MD  20903
[Plaintiff resident in New Jersey]       *

FRANCISCO LUNA MORALES     *   Civil Action No.:  _____
c/o CASA of Maryland
734 University Boulevard East        *
Silver Spring, MD  20903
[Plaintiff resident in Prince George's County]  *

OVEL TORRES RODAZ           *
c/o CASA of Maryland
734 University Boulevard East        *
Silver Spring, MD  20903
[Plaintiff resident in New Jersey]       *

SAUL PINEDA                   *
c/o CASA of Maryland
734 University Boulevard East        *
Silver Spring, MD  20903
[Plaintiff resident in New Jersey]       *

PORFIDIO ARIAS                *
c/o CASA of Maryland
734 University Boulevard East        *
Silver Spring, MD  20903
[Plaintiff resident in Montgomery County]  *

Individually and on behalf of                          *
all persons similarly situated,
                                                       *

      Plaintiffs,              *

   v.                                      *

NTI, LLC                                               *
1290 Bay Dale Drive
Arnold, MD  21012                                      *
[Anne Arundel County]
   Serve on:                               *
      Marc A. Klitenic, Esq.    *
      Kandel, Klitenic, Kotz & Betten, LLP
      Suite 610, Nottingham Centre    *
      502 Washington Avenue
      Towson, MD  21204-4513,    *

MTXCELL, LLC, d/b/a MTXCELL                            *
608 Blandford Street
Rockville, MD  20850                                   *
[Montgomery County]
   Serve on:                               *
      Tomas Veiga
      608 Blandford Street       *
      Rockville, MD  20850,
                                                       *
MTXCELL
608 Blandford Street                                   *
Rockville, MD  20850
[Montgomery County]                                    *
   Serve on:
      Tomas Veiga                *
      608 Blandford Street
      Rockville, MD  20850,      *

TOMAS VEIGA                                            *
608 Blandford Street
Rockville, MD  20850,                                  *
[Montgomery County]
                                                       *
XTEL CONSTRUCTION GROUP, LLC
1647 Eton Way                                          *
Crofton, MD  21114
[Anne Arundel County]                                  *

```
        Serve on:
            Mike Bahmani                              *
            1647 Eton Way
            Crofton, MD  21114,                       *

MIKE BAHMANI                                          *
1647 Eton Way
Crofton, MD  21114,                                   *
[Anne Arundel County]
                                                      *
PAS-COM, INC.
16608 Winterwoods Court                               *
Rockville, MD  20853
[Montgomery County]                                   *
        Serve on:
            Peter Soltesz                             *
            16608 Winterwoods Court
            Rockville, MD  20853,                     *

ADRIAN PASCU                                          *
1836 Metzerott Road
Adelphi, MD  20713,                                   *
[Prince George's County]
                                                      *
        Defendants.
                                                      *
```

*       *       *       *       *       *       *       *       *       *       *       *

## **COMPLAINT**

Plaintiffs, by and through undersigned counsel, allege as follows:

### I.       INTRODUCTION

1.   This action is brought by workers on Verizon's Fiber-Optic Service (FiOS)

project, both individually and on behalf of all similarly situated employees (collectively,

"Plaintiffs") of the Defendants.  Plaintiffs complain that the Defendants engaged in a pattern or

practice of unlawful conduct that resulted in violations of their rights under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law, Md.

Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Act,

Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* as well as breaches of their employment contracts.

2.   Defendants employed Plaintiffs to dig trenches and install fiber-optic cable conduit and related equipment for the benefit of Verizon in various communities throughout Maryland.  Plaintiffs bring this action for declaratory, injunctive and monetary relief for Defendants' willful failure to pay them wages due for work performed.

3.   In general, Plaintiffs are individuals who have limited proficiency in English and are unfamiliar with the labor protections provided by federal and Maryland law.  Defendants exploited Plaintiffs' indigence, inability to speak or understand English, and lack of understanding of the laws of the United States to unlawfully underpay them and deny payment completely during certain pay periods.

4.   Plaintiffs bring this action individually and as a collective action under the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), on behalf of a class of similarly situated employees of Defendants, to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages or interest, attorneys' fees and costs, for Defendants' willful failure to pay them the minimum wage for all hours worked and "time and one-half" their regular rate for all hours worked in excess of 40 hours per week.

5.   Plaintiffs also bring claims individually and as a class action under Fed. R. Civ. P. 23, on behalf of a class of similarly situated employees of Defendants, to recover unpaid minimum wages, unpaid straight time compensation, unpaid overtime compensation, interest, attorneys' fees, costs, and treble damages under the Maryland Wage Payment and Collection Act, Md. Code. Ann., Lab. & Empl. §§ 3-502, 3-503, 3-504, 3-505 and 3-507.1, and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-413, 3-415 and 3-427.

II.     JURISDICTION

6.   This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367

(supplemental jurisdiction).

III.     PARTIES

Plaintiffs

7.   Plaintiff Valerio Lopez resides in Baltimore City.  He worked for Defendants

XTEL and NTI, performing services for the benefit of Verizon, in 2006.  Defendants failed to

pay Plaintiff Lopez the wages due for all the work he performed as required by the FLSA, the

Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In

addition, Plaintiff Lopez worked in excess of 40 hours per week, but received no overtime

compensation as required by state and federal wage laws.

8.   Plaintiff Carlos A. Garcia Valle resides in Montgomery County.  He worked for

Defendants XTEL and NTI, performing services for the benefit of Verizon, in 2006.  Defendants

failed to pay Plaintiff Garcia the wages due for all the work he performed as required by the

FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.

In addition, Plaintiff Garcia worked in excess of 40 hours per week, but received no overtime

compensation as required by state and federal wage laws.

9.   Plaintiff Oscar Pineda resides in New Jersey.  He worked for Defendants XTEL

and NTI, performing services for the benefit of Verizon, in 2006.  Defendants failed to pay

Plaintiff Pineda the wages due for all the work he performed as required by the FLSA, the

Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In

addition, Plaintiff Pineda worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

10. Plaintiff Francisco Luna Morales resides in Prince George's County, Maryland. He worked for Defendants MTXCELL and NTI, performing services for the benefit of Verizon, in 2006.  Defendants failed to pay Plaintiff Morales the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Morales worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

11. Plaintiff Ovel Torres Rodaz resides in New Jersey.  He worked for Defendants MTXCELL and NTI, performing services for the benefit of Verizon, in 2006.  Defendants failed to pay Plaintiff Torres the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Rodaz worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

12. Plaintiff Saul Pineda resides in New Jersey.  He worked for Defendants MTXCELL and NTI, performing services for the benefit of Verizon, in 2006.  Defendants failed to pay Plaintiff Pineda the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Pineda worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

13. Plaintiff Porfidio Arias resides in Montgomery County, Maryland.  He worked for Defendants PAS-COM and NTI, performing services for the benefit of Verizon, in 2008. Defendants failed to pay Plaintiff Arias the wages due for all the work he performed as required

by the FLSA, the Maryland Wage Payment and Collection Act and the Maryland Wage and

Hour Law.  In addition, Plaintiff Arias worked in excess of 40 hours per week, but received no

overtime compensation as required by state and federal wage laws.

14. Pursuant to 29 U.S.C. § 216(b), the foregoing Plaintiffs have consented in writing

to being plaintiffs in this action.  Their consent forms are attached as Exhibit A to this

Complaint.  For the limited purpose of this lawsuit, Plaintiffs list their address as the office

address of their counsel, CASA of Maryland, and hereby authorize their counsel to accept

service of process on their behalf for any documents or matters related to this lawsuit.

<u>Defendants</u>

15. Defendant NTI, LLC ("NTI") is a Maryland corporation with its principal place

of business in Arnold, Maryland.  At all times relevant to this action, Defendant NTI has been an

enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of

Plaintiffs within the meaning of the FLSA, the Maryland Wage Payment and Collection Act and

the Maryland Wage and Hour Law.

16. Defendant MTXCELL, LLC is a forfeited Maryland corporation with its principal

place of business in Rockville, Maryland.  Notwithstanding its failure to comply with the State of

Maryland's statutory requirements for corporations, Defendant MTXCELL, LLC is, upon

information and belief, currently doing business in Maryland as MTXCELL.  Tomas Veiga is

listed in documents on file with Maryland's State Department of Assessments and Taxation as

the Resident Agent for MTXCELL, LLC.  Upon information and belief, Defendant MTXCELL,

LLC has, at all times relevant to this action, been an enterprise engaged in interstate commerce

within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA,

the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour Law.

17. Defendant MTXCELL is a Maryland corporation with its principal place of business in Rockville, Maryland.  Upon information and belief, Defendant MTXCELL has assumed the assets and liabilities of Defendant MTXCELL, LLC.  For purposes of this action, "MTXCELL" will refer to both Defendant MTXCELL, LLC and Defendant MTXCELL.

18. Upon information and belief, Defendant Tomas Veiga was, at all times relevant to this action, an owner, agent or principal of MTXCELL, LLC.  As such, Defendant Veiga has, at all times relevant to this action, done business in Maryland and been an employer of Plaintiffs within the meaning of the FLSA, the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour Law.

19. Defendant XTEL Construction Group, LLC ("XTEL") is a Maryland corporation with its principal place of business in Crofton, Maryland.  Upon information and belief, Defendant XTEL has, at all times relevant to this action, been an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA, the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour Law.

20. Upon information and belief, Defendant Mike Bahmani was, at all times relevant to this action, an owner, agent or principal of XTEL Construction Group, LLC.  As such, Defendant Bahmani has, at all times relevant to this action, done business in Maryland and been an employer of Plaintiffs within the meaning of the FLSA, the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour Law.

21. Defendant PAS-COM, INC. ("PAS-COM") is a Maryland corporation with its principal place of business in Rockville, Maryland.  Upon information and belief, Defendant PAS-COM has, at all times relevant to this action, been an enterprise engaged in interstate

commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of

the FLSA, the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour

Law.

22. Upon information and belief, Defendant Adrian Pascu was, at all times relevant to

this action, an owner, agent or principal of PAS-COM, INC.  As such, Defendant Pascu has, at

all times relevant to this action, done business in Maryland and been an employer of Plaintiffs

within the meaning of the FLSA, the Maryland Wage Payment and Collection Act and the

Maryland Wage and Hour Law.

IV.     GENERAL ALLEGATIONS

23. In 2004 Verizon Communications Inc. began to build a multibillion dollar fiber-

optic service (FiOS) network to improve telephone, television, and internet service to its

customers.  Verizon contracted with various companies, including Defendant NTI, to dig

trenches and install fiber-optic cable conduit and related equipment to extend the FiOS network

to homes and businesses in various states, including Maryland.

24. Defendant NTI, in turn, contracted with numerous subcontractors, including

MTXCELL, XTEL, and PAS-COM, which provided the manpower to get the job done.

25. Defendants, as employers or joint employers, recruited and/or hired Plaintiffs to

provide unskilled labor to fulfill Defendant NTI's obligations under its contract with Verizon.

26. In accepting the employment offered by Defendants, as employers or joint

employers, each Plaintiff relied upon various promises that Defendants had made regarding

payment.

27. Prior to beginning work, Plaintiffs attended a training session conducted by Verizon and Defendant NTI.  Upon information and belief, Defendant NTI issued photo identification cards to Plaintiffs following the training.

28. Upon information and belief, Plaintiffs were not compensated for the time they spent at the training.

29. Once the work began, Defendant NTI provided the necessary digging equipment that Plaintiffs had to use to perform their work.  Together with Verizon, Defendant NTI also provided the requisite tools and materials.

30. Together with Verizon, Defendants MTXCELL, XTEL, PAS-COM and NTI, as employers or joint employers, controlled or supervised the work performed by the Plaintiffs.

31. At all times relevant to this action, Defendant NTI's supervisors were present at the Verizon worksites on a daily or near-daily basis.

32. On multiple occasions, Defendant NTI's supervisors told Plaintiffs to exercise caution in avoiding gas pipes and water lines while they were digging.  During these interactions, NTI supervisors spoke either directly with Plaintiffs or through bilingual employees of the other Defendants.

33. At all times relevant to this action, Defendant NTI had the authority to control Plaintiffs' work and to direct and change the course of their work plan.  Plaintiffs recognized Defendant NTI's authority and obeyed all instructions.

34. Upon information and belief, Defendant NTI had the authority to fire Plaintiffs.

35. Defendants MTXCELL, XTEL and NTI, as employers or joint employers, contracted to pay their employees on a piece rate basis.  Per the contractual arrangement, Defendants MTXCELL and XTEL measured the number of feet of trenches dug since the

previous day.  The total number of feet was then supposed to be multiplied by a fixed sum

ranging from $2.40 to $2.60, and the total was supposed to be divided among the employees

present on a given day.  Under the contract, Plaintiffs were supposed to be paid on a weekly

basis.

36. Defendants MTXCELL, XTEL and NTI, as employers or joint employers,

willfully violated Plaintiffs' rights by failing to pay them the wages they were owed, including

minimum, promised, and overtime wages.  In some weeks, Plaintiffs were either not paid at all or

were paid for fewer feet than they had actually dug.  Plaintiffs were also expected to carry out

other duties on Saturday – including worksite restoration, equipment repair and/or tool yard

cleanup – for which they received no additional compensation.

37. Defendants MTXCELL, XTEL and NTI, as employers or joint employers,

required Plaintiffs to report for work every day unless they had been specifically instructed

otherwise.  On some mornings when Plaintiffs reported, Defendants MTXCELL, XTEL and NTI

sent them home due to inclement weather or because Verizon had not marked particular areas for

digging.  Plaintiffs did not receive any compensation for these days.

38. Defendants MTXCELL, XTEL and NTI, as employers or joint employers,

provided housing for the Plaintiffs they employed and deducted approximately fifty dollars per

week from Plaintiffs' paychecks for rent.  Upon information and belief, Plaintiffs never

expressly consented in writing to these deductions.  The housing provided by Defendants was

often severely overcrowded.  Some of the workers slept on air mattresses that they purchased

themselves; others slept on the floor.

39. Plaintiffs employed by Defendants MTXCELL, XTEL and NTI were picked up

every morning in a van owned by NTI, which transported them to the tool yard.  The van bore

NTI's name on the side of the vehicle.  After Plaintiffs loaded the tools into the van and received their instructions for the day, they traveled to the worksite in the NTI van.

40. Defendants PAS-COM and NTI, as employers or joint employers, contracted to pay each of their employees a flat rate of $100 per day.  However, Defendants PAS-COM and NTI willfully failed to pay Plaintiffs the wages they were owed, including minimum, promised and overtime wages.

41. On some occasions when Plaintiffs damaged utility pipes in the course of digging, Defendants refused to pay them for several hours of work.

42. Plaintiffs frequently worked for all the Defendants in excess of 40 hours per week.  Under Section 207 of the FLSA, all hours worked by Plaintiffs in excess of 40 hours per week are "overtime" hours, payable at a rate of one and one-half times the regular hourly rate. Defendants failed to pay Plaintiffs in full for overtime work, compensation to which they were entitled under federal and state law.  Defendants' denial of overtime compensation to Plaintiffs and other similarly situated employees was willful and deliberate.

## V.    COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

43.  This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

44. Named Plaintiffs bring the FLSA claims on their own behalf and on behalf of other similarly situated workers employed on the Verizon FiOS project by Defendants, as employers or joint employers, who were denied minimum wages and/or proper overtime compensation over the last three years prior to the filing of this Complaint and through the final disposition of this action.

45. The class of individuals on behalf of whom the Named Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the Named Plaintiffs, were or are subject to the same or similar unlawful practices, and have claims based upon the same legal theory.

46. These similarly situated employees are known only to Defendants and are readily identifiable, and may be located through Defendants' records.  They may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

47. Upon information and belief, Defendants violated the FLSA by failing to post notices advising their employees of their right to overtime pay "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy."  29 C.F.R. § 516.4.

48. As a result, any statute of limitations applicable to the Named Plaintiffs and the Class Members' FLSA claims are equitably tolled for the period that Defendants were in violation of their posting obligations.

VI.    CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

49. Named Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of all other non-exempt workers employed on the Verizon FiOS project by Defendants, as employers or joint employers, at any time over the last three years prior to the filing of this Complaint and through the final disposition of this action, who have not been paid their promised wage rate and/or the state minimum wage for all hours worked

under 40 hours per week and/or who have not been paid overtime for all hours that exceed 40 per week.

50. The potential members of the class are so numerous that joinder of all of them is not viable.  The class is believed to include at least 50 members, who are geographically dispersed throughout the United States, making individual notice of such a large group impracticable.  The relatively small size of the individual claims, as well as the indigence and migratory nature of the Class Members makes the maintenance of separate actions by each class member economically infeasible.

51. There are significant questions of law and fact common to the class, including whether Defendants have violated the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour Law.

52. Named Plaintiffs' claims are typical of the claims of the Class Members.

53. Named Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.  Named Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

54. Because Defendants have acted on grounds generally applicable to the class, making declaratory and injunctive relief appropriate, Plaintiffs also meet the prerequisites of Fed. R. Civ. P. 23(b)(2).

55. Because common questions of law and fact predominate over any questions affecting only individual members of the class, class status is the superior method of handling this case.  Fed. R. Civ. P. 23(b)(3).

## COUNT I

### FAIR LABOR STANDARDS ACT
### (Denial of Overtime Compensation under Federal Law)

56. Plaintiffs repeat and incorporate by reference the allegations set forth above.

57. Defendants violated the FLSA by knowingly failing to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

58. Defendants' actions were willful.

59. Defendants are liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the court.

## COUNT II

### FAIR LABOR STANDARDS ACT
### (Denial of Minimum Wage under Federal Law)

60. Plaintiffs repeat and incorporate by reference the allegations set forth above.

61. Defendants violated the FLSA by knowingly failing to pay Plaintiffs the federal minimum wage in violation of 29 U.S.C. § 206(a).

62. Defendants' actions were willful.

63. Defendants are liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the court.

## COUNT III

**MARYLAND WAGE PAYMENT AND COLLECTION ACT**
**(Failure to Pay Promised Wage for All Hours Worked)**

64. Plaintiffs repeat and incorporate by reference the allegations set forth above.

65. Pursuant to Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-504, employers such as Defendants must give notice of the regular rate of pay and pay that promised rate for all hours worked in every pay period.

66. Defendants failed to pay Plaintiffs their promised wage rate for all hours worked.

67. Defendants failed to pay Plaintiffs their wages willfully and in bad faith and not as a result of a bona fide dispute.

68. By failing to compensate Plaintiffs at the required wage rate for all hours worked, Defendants have made unlawful deductions from Plaintiffs' pay in violation of Md. Code Ann., Lab. & Empl. § 3-503.

69. Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT IV

**MARYLAND WAGE PAYMENT AND COLLECTION ACT**
**(Failure to Pay Compensation Due for All Hours Worked)**

70. Plaintiffs repeat and incorporate by reference the allegations set forth above.

71. Pursuant to Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505, employers such as Defendants must pay their employees all wages due for work performed before the termination of employment.

72. Defendants failed to pay Plaintiffs all wages due for work performed, including minimum wages and overtime compensation, in violation of Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505.

73. Defendants failed to pay Plaintiffs their wages willfully and in bad faith and not as a result of a bona fide dispute.

74. Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT V

### MARYLAND WAGE PAYMENT AND COLLECTION ACT
### (Unlawful Housing Deductions)
### [Against Defendants MTXCELL, XTEL and NTI]

75. Plaintiffs, on behalf of themselves and all prospective members of the Maryland Deductions Subclass, repeat and incorporate by reference the allegations set forth above.

76. Pursuant to Md. Code Ann., Lab. & Empl. § 3-503, employers such as Defendants may not make a deduction from an employee's wages unless the employee expressly consents in writing.

77. Defendants MTXCELL, XTEL and NTI made unlawful housing deductions from Plaintiffs' pay in violation of Md. Code Ann., Lab. & Empl. §§ 3-503 and 3-505.

78. Defendants MTXCELL, XTEL and NTI failed to pay Plaintiffs their wages willfully and in bad faith and not as a result of a bona fide dispute.

79. Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT VI

**MARYLAND WAGE AND HOUR LAW**
**(Denial of Overtime Compensation**
**under Maryland Law)**

80.  Plaintiffs repeat and incorporate by reference the allegations set forth above.

81. Defendants failed to pay Plaintiffs an overtime wage of at least one and one-half

times their usual hourly wage for each hour in excess of 40 hours per week, in violation of Md.

Code Ann., Labor & Empl. § 3-415(a).

82. Defendants are liable to Plaintiffs pursuant to Sections 3-427(a) and (d) of the

Maryland Wage and Hour Law for their unpaid overtime compensation, plus interest, reasonable

counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT VII

**MARYLAND WAGE AND HOUR LAW**
**(Denial of Minimum Wage**
**under Maryland Law)**

83. Plaintiffs repeat and incorporate by reference the allegations set forth above.

84. Defendants failed to pay Plaintiffs a wage rate that equals a rate of $6.15 per hour,

in violation of Md. Code Ann., Labor & Empl. § 3-413(b).

85. Defendants are liable to Plaintiffs pursuant to Sections 3-427(a) and (d) of the

Maryland Wage and Hour Law for their unpaid minimum wages, plus interest, costs, reasonable

counsel fees, and any other relief deemed appropriate by the court.

## COUNT VIII
## (BREACHES OF CONTRACT)

86. Plaintiffs repeat and incorporate by reference the allegations set forth above.

87. Defendants offered, and Plaintiffs accepted, employment on specific terms.

88. Defendants breached the terms of their employment contracts with Plaintiffs by failing to pay Plaintiffs the amounts promised under the contracts.

89. As a direct consequence of Defendants' breaches of their employment contracts, Plaintiffs suffered substantial injury.

90. Defendants are liable to Plaintiffs for the damages Plaintiffs sustained as a result of Defendants' breaches of contract.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this court:

a.      Enter a declaratory judgment that Defendants violated Plaintiffs' rights under the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law;

b.      Enter a declaratory judgment that Defendants breached Plaintiffs' employment contracts;

c.      Enjoin Defendants to comply with all applicable federal and state wage laws;

d.      Award to each Plaintiff his or her unpaid minimum and overtime wages plus liquidated damages as required by the FLSA;

e.      Award to each Plaintiff his or her unpaid minimum, promised and overtime wages plus treble damages under Maryland law;

f.      Award to each Plaintiff the damages sustained as a result of Defendants' breaches of contract;

g.      Award Plaintiffs pre-judgment interest on all amounts owed;

h.      Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), Md. Code Ann., Labor & Empl. § 3-507.1, and Md. Code. Ann., Labor & Empl. § 3-427(d);

i.    Grant such other and further relief as the court may deem just and proper.

_____

C. Christopher Brown (Fed. Bar No. 01043)
Sharon Krevor-Weisbaum (Fed. Bar No. 04773)
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD  21202-6701
Phone:  (410) 962-1030
Facsimile:  (410) 385-0869
E-mail:  ccb@browngold.com

Jessica Salsbury (Fed. Bar No. 27996)
CASA OF MARYLAND
734 University Boulevard East
Silver Spring, MD  20903
E-mail:  jsalsbury@casamd.org

Laura E. Varela (Fed. Bar No. 28260)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, Suite 400
Washington, DC  20036
E-mail:  laura_varela@washlaw.org

*Attorneys for Plaintiffs*

Date:  June 17, 2008