IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VALERIO LOPEZ, *et al.*, | : | |
| Plaintiffs, | : | CIVIL NO.: PWG-08-1579 |
| v. | : | |
| XTEL CONSTRUCTION GROUP, LLC, and | : | |
| MIKE BAHMANI, | | |
| | : | |
| Defendants. | | |

…o0o…

**MEMORANDUM AND ORDER**

This Memorandum and Order addresses the Motion for Entry of Default Judgment that Plaintiffs Valerio Lopez, *et al.* filed, ECF No. 123. Defendants XTEL Construction Group, LLC ("XTEL") and Mike Bahmani have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a.  Having reviewed the filings, I find that a hearing is not necessary.  *See* Loc. R. 105.6.  For the reasons stated herein, Plaintiffs' Motion for Entry of Default Judgment is GRANTED.  This Memorandum and Order disposes of ECF No. 123.

**I.   FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs, employees of Defendants, filed a Complaint against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 – 219, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 – 3-431, and the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-509. Compl. ¶ 1, ECF No. 1. Plaintiffs alleged that Defendants failed to pay Plaintiffs the federal and state minimum wage,

failed to pay them for "all hours worked" according to Maryland law, and failed to pay them for overtime worked under both Maryland and federal employment laws.  *Id.* ¶¶ 57, 61, 66, 72, 81, 84.

During telephone settlement conferences held before me on February 7 and 17, 2011, the parties reached an oral settlement agreement.  Mem. & Order 1, ECF No. 120.  On April 18, 2011, Plaintiffs filed a Motion to Enforce Oral Settlement Agreement, ECF No. 116, to which Defendants did not respond.  Mem. & Order 1.  This Court granted Plaintiffs' Motion on June 15, 2011, and memorialized the terms of the oral settlement agreement.  Mem. & Order 1, 6.

According to the terms of the Settlement Agreement, Defendants would pay $10,000 to Plaintiffs by way of an initial $1,500 payment and monthly installments of $500 thereafter until they had paid the full amount of the settlement.  *Id.* at 6.  Through counsel, the parties agreed that, if Defendants failed to make a timely monthly payment, Defendants would be provided with a thirty-day cure period.  *Id.*  The Agreement also provided that, if the Defendants still had not paid after the cure period expired, the Court would render a default judgment for Plaintiffs.  *Id.* In the event that the Court entered a default judgment against Defendants, Plaintiffs would be entitled to "the outstanding balance of the settlement amount, including reasonable costs and attorney's fees." *Id.*

Defendants failed to make the initial payment or the first monthly payment.  Sept. 6, 2011 Ltr., ECF No. 123-1.  Per the Settlement Agreement, Plaintiffs served a cure letter on Mr. Bahmani as a representative of Defendant XTEL, via first-class mail on September 6, 2011. Gilman Aff. ¶¶ 2-3, ECF No. 123-2. Defendants did not respond. *Id.* ¶ 3. On October 24, 2011, Plaintiffs filed the pending Motion for Entry of Default Judgment, asking this Court to "enter a default judgment against Defendants . . . in the amount of ten-thousand dollars ($10,000) plus

post-judgment interest at the legal rate, as well as the attorneys' fees and costs associated with enforcing the judgment." Pls.' Mot. 3.

## II. DISCUSSION

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974) (concluding that clerk could not enter default judgment where damages were not liquidated), *rev'd on other grounds*, 533 F.2d 891 (3d Cir. 1976).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

[T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006),

The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages, as discussed

3

*infra*. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ-09-1200, 2010 WL 2899036, at *2-3 (D. Md. June 17, 2010) (quoting *Ryan*, 253 F.3d at 780-81); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2688 (3d ed. 1998). However, "[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 Fed. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu*, 515 F.2d at 1206). This is because "the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)." Wright, Miller & Kane, *supra*, § 2685. Rather, "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment." *Id*. Accordingly, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. § 2688; *see Ryan*, 253 F.3d at 780 ("'The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" (quoting *Nishimatsu*, 515 F.2d at 1206)); *Agora Fin., LLC*, 2010 WL 2899036, at *3 (quoting *Ryan*, 253 F.3d at 780-81); *see also Ohio Cent. R.R. v. Cent. Trust Co.*, 133 U.S. 83, 91 (1890) (stating that, even though plaintiff's allegations may be taken as true and "the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from

contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree"); *e.g.*, *Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that "Plaintiff's pleadings, taken as true, establish all of the alleged violations").

Approximately ten months have passed since the parties entered into the Settlement Agreement, and approximately six months have passed since this Court issued its Memorandum and Order enforcing the Settlement Agreement. *See* Mem. & Order 8. Defendants did not make their initial installment or first regular payment and, on September 6, 2011, Plaintiffs served a cure letter on Defendants as per the February 17, 2011 Settlement Agreement, to which Defendants did not respond. Gilman Aff. ¶ 3. Pursuant to the terms of the Settlement Agreement, Plaintiffs moved for an entry of default judgment on October 24, 2011, and Defendants have failed to answer.

It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405-06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Thus, the Court will grant default judgment if Plaintiffs have established Defendants' liability.

To establish Defendants' liability, Plaintiffs have submitted the Affidavit of Professor Michele Gilman, ECF No. 123-2. An affidavit which consists only of conclusory statements

generally will not be sufficient for determining default judgment liability. *Hartford Financial Services Group, Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *8 (D. Md. May 5, 2011). A sufficient affidavit typically includes supporting documents and/or an explanation of how the affiant reached any figures provided. *Id.* Here, Professor Michele Gilman's affidavit lacks crucial details: It does not establish—or even assert—the existence of a contract between the parties or the terms of that contract. It merely shows that Defendants failed to make their payments and that Plaintiffs sent a cure letter without receiving a response. Gilman Aff. ¶¶ 2-3. However, Professor Gilman's affidavit is sufficient to determine default judgment liability nonetheless, because all other evidence necessary to analyze Defendants' liability is already of record in the June 15, 2011 Memorandum and Order and the exhibits thereto. Mem & Order 6 & Ex. A & B, Feb. 7, 2011 Conf. Notes & Feb. 17, 2011 Conf. Notes, ECF Nos. 121 & 121-1.

As noted, with regard to liability, the Settlement Agreement provided that, if Defendants failed to make a payment and failed to cure after having been afforded sufficient time to do so, Defendants would be liable for the entire amount of the Settlement Agreement and the Court could enter a default judgment. Mem & Order 6. Defendants have not made any payments, despite having more than two months to do so after receiving notice from Plaintiffs. Gilman Aff. ¶ 2. Therefore, Defendants' liability is established, and Plaintiffs' Motion for Default Judgment is GRANTED.

**B. Damages**

Although liability has been established, an allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting,*

6

*Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."). Therefore, with respect to a default judgment, "[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same). Yet, the Court may award damages without a hearing if the record supports the damages requested. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against defendant because plaintiff submitted invoices documenting the money owed to plaintiff); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default

judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence").

Here, Plaintiffs seek damages as a result of Defendants' violations of the February 17, 2011 Settlement Agreement and submit the Affidavit of Professor Michele Gilman in support. Professor Gilman declares that Defendants have failed to make any payments toward the settlement. Gilman Aff. ¶ 2. Defendants have not responded. The information necessary to calculate the amount of Plaintiffs' damages is already of record in the Court's memorialization of the Settlement Agreement. Mem. & Order 6. The Settlement Agreement provides that the Court will award the outstanding balance of the settlement amount and the interest on the amount at the legal rate, from thirty days after default, if Defendants fail to make a monthly payment and fail to cure the missed payment. Mem. & Order 6; Feb. 7, 2011 Conf. Notes 3. Therefore, the Court awards Plaintiffs damages of the outstanding balance of $10,000, plus interest at the legal rate.

### C. Attorney's Fees and Costs

Attorney's fees and costs are available pursuant to the Settlement Agreement, which states that "[u]pon default, Plaintiffs could seek to collect . . . reasonable costs and attorney's fees." Mem. & Order 6. In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). The plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise

unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after an initial determination that the attorney's hourly rate was reasonable for the particular district, that attorney's fees requested by plaintiff, based on documentation of hours worked and tasks completed, were reasonable); *Flynn*, 480 F. Supp. 2d at 220-21 (awarding requested attorney's fees based on affidavits and the record).

The Court exercises its discretion to enter a default judgment at this time. Plaintiffs should be awarded reasonable attorney's fees and costs associated with enforcing this judgment. Plaintiffs' counsel is ordered to provide, within fourteen (14) days of this Memorandum and Order, a complete explanation and calculation of the reasonable attorney's fees and associated costs that Plaintiffs are seeking. Defendants' counsel will have seven (7) days to respond.

## III. CONCLUSION

Plaintiffs' Motion for Entry of Default Judgment against Defendants is GRANTED. Judgment is entered against Defendants XTEL Construction Group, LLC and Mike Bahmani, jointly and severally, in the amount of $10,000, plus post-judgment interest at the legal rate in accordance with 28 U.S.C. § 1961.

Plaintiffs' counsel is ordered to provide, within fourteen (14) days of this Memorandum and Order, a complete explanation and calculation of the reasonable attorney's fees and associated costs that Plaintiffs are seeking. Defendants will have seven (7) days to respond.

Dated: December 16, 2011                                         /s/
                                                        Paul W. Grimm
                                                        United States Magistrate Judge

lc/lyb